IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

JEAN MILLER,

            Plaintiff,

     v.                       CIV. NO. S-00-1733 EJG/JFM

COUNTY OF BUTTE, MICK GRAY,
et al,                     STATUS (PRETRIAL
                              SCHEDULING) ORDER

            Defendants.
_____/

    A status (pretrial scheduling) conference was held on April 21, 2006.  Kenneth Frucht appeared on behalf of plaintiff. Michael Deems appeared on behalf of defendants.  After hearing, the court makes the following order.

NATURE OF CASE [1]

    This is a civil rights action in which plaintiff says she was subjected to excessive force by defendants following an arrest.

SERVICE OF PROCESS

    All parties defendant have been served and no further

---

    [1]  The Nature of Case presents a brief summary only and is not intended to be binding on the parties.

1  service is permitted, except with leave of court, good cause

2  having been shown.

3                      JURISDICTION/VENUE

4      The court has jurisdiction pursuant to 29 U.S.C. § 1132.

5  Venue is proper under 28 U.S.C. § 1391(b).

6                   MOTION HEARING SCHEDULES

7      The parties shall bring any and all motions (except

8  discovery) so that they are properly calendared for hearing <u>no</u>

9  <u>later than</u> October 5, 2007, at 10:00 a.m.  The parties may

10  obtain available hearing dates by calling Colleen Lydon, Deputy

11  Courtroom Clerk, (916) 930-4225.

12      This paragraph does not preclude emergency applications.

13      COUNSEL[2] ARE CAUTIONED THAT THE COURT WILL NOT ENTERTAIN

14  SUBSTANTIVE MOTIONS IN THE GUISE OF MOTIONS IN LIMINE AT THE

15  TIME OF TRIAL.  Counsel are reminded that motions in limine are

16  procedural devices designed to address the admissibility of

17  evidence and not to resolve substantive legal issues.  COUNSEL

18  WHO SUBMIT MOTIONS IN LIMINE AT THE TIME OF TRIAL IN ORDER TO

19  RESOLVE SUBSTANTIVE LEGAL ISSUES WILL BE SUBJECT TO SUBSTANTIAL

20  SANCTIONS.

21  ///

22  ///

23                         DISCOVERY

24  _____

25      [2]  The term "counsel" as used in this order includes parties
   who are appearing in pro per.

26

                              2

1   All discovery, including discovery law and motion, is left
2   open save and except that it shall be so conducted as to be
3   <u>completed</u> as of August 31, 2007.  The word "completed" means
4   that all discovery shall have been conducted so that all
5   depositions have been taken and any disputes relative to
6   discovery shall have been resolved by appropriate order if
7   necessary and, where discovery has been ordered, the order has
8   been complied with.

9                           WITNESS DISCLOSURE
10   All counsel are to designate in writing and file with the
11   court and serve upon all other parties the names of all lay
12   witnesses that they propose to tender at trial by June 29, 2007.
13   Expert witness disclosure shall be staggered:   plaintiff to
14   disclose no later than June 7, 2007, and defendant to disclose
15   no later than July 6, 2007.  A witness not appearing on said
16   lists will not be permitted to testify unless the party offering
17   the witness demonstrates:  (a) that the necessity of the witness
18   could not have been reasonably anticipated at the time the lists
19   were exchanged; (b) the court and opposing counsel were promptly
20   notified upon discovery of the witness; and (c) that the witness
21   was promptly proffered for deposition.

22                       FINAL PRETRIAL CONFERENCE
23   The Final Pretrial Conference is set for November 5, 2007
24   at 2:00 p.m.  COUNSEL ARE CAUTIONED THAT ONLY COUNSEL APPEARING
25   FOR PRETRIAL WILL IN FACT TRY THE MATTER.

26

1    Counsel for all parties are to be fully prepared for trial

2    at the time of the Pretrial Conference, with no matters

3    remaining to be accomplished except production of witnesses for

4    oral testimony.  Notwithstanding the provisions of Local Rule

5    16-281 which specifies the filing of a separate pretrial

6    statement by each party, the parties shall file with the court,

7    no later than seven (7) days prior to the final pretrial

8    conference, a <u>JOINT</u> pretrial statement in lieu of such separate

9    statements.  Where the parties are unable to agree as to what

10   legal or factual issues are properly before the court for trial,

11   they should nevertheless list all issues claimed by any of the

12   parties and indicate the disputes concerning such issues.  The

13   provisions of Local Rules 16-281 and 16-282 shall apply with

14   respect to the matters to be included in the joint pretrial

15   statement.  A FAILURE TO COMPLY WITH LOCAL RULES 16-281 AND 16-

16   282, AS MODIFIED HEREIN, MAY BE GROUNDS FOR SANCTIONS.

17   In a <u>separate</u> <u>attachment</u> to the joint pretrial statement,

18   counsel shall list all witnesses that they intend to proffer at

19   trial, for whatever purposes.  Likewise, in <u>another</u> <u>separate</u>

20   <u>attachment</u> to the joint pretrial statement, counsel shall list

21   all exhibits that they intend to proffer at trial, for whatever

22   purpose.  These attachments will be used as addenda to the Final

23   Pretrial Order.  The Pretrial Order will contain a stringent

24   standard for the proffering of witnesses and exhibits at trial

25   not listed in the Pretrial Order.  Counsel are cautioned that

26

4

1  the standard will be strictly applied.  On the other hand, the

2  listing of exhibits or witnesses which counsel do not intend to

3  call or use will be viewed as an abuse of the court's processes.

4

5      Counsel are also reminded that, pursuant to Federal Rule of

6  Civil Procedure 16, it will be their duty at the Pretrial

7  Conference to aid the court in (a) formulation and

8  simplification of issues and the elimination of frivolous claims

9  or defenses; (b) settling of facts which should be properly

10  admitted; and (c) the avoidance of proof and cumulative

11  evidence.  Counsel must prepare their Pretrial Statements, and

12  participate in good faith at the Pretrial Conference with these

13  aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION

14  OF SANCTIONS which may include monetary sanctions, orders

15  precluding proof, eliminations of claims or defenses, or such

16  other sanctions as the court deems appropriate.

17      **Counsel are directed to bring a floppy disk <u>compatible with**

18  **WordPerfect 10 (for windows)</u> containing their Joint Pretrial**

19  **Statement to the Final Pretrial Conference.**

20          <u>REFERENCE TO MASTER/MODIFICATION</u>
              <u>OF STANDARD PRETRIAL PROCEDURES</u>
21
       None.
22
                  <u>SETTLEMENT CONFERENCE</u>
23
       No Settlement Conference is currently scheduled.  The
24
   parties shall address in their joint pretrial statement whether
25
   they wish to have a judge-assisted settlement conference and
26

                                5

1   whether they waive the disqualification of the trial judge to

2   sit in settlement.  A date for the settlement conference will be

3   selected at the time of the final pretrial conference.

4                              TRIAL SETTING

5        Jury trial is set for January 7, 2008, at 9:00 a.m.  The

6   parties estimate a trial length of seven (7) days.

7          OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

8        This Status (Pretrial Scheduling) Order will become final

9   without further Order of Court unless objection is lodged within

10  seven (7) days of the date of the filing of this Order.

11       IT IS SO ORDERED.

12  DATED: April 26 , 2005.

13                                /s/ Edward J. Garcia
                                  EDWARD J. GARCIA, JUDGE
14                                UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26