Kenneth N. Frucht, State Bar No. 178881
LAW OFFICES OF KENNETH FRUCHT
120 Montgomery Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 392-4844
Fax: (415) 392-79-73
ATTORNEY FOR PLAINTIFF JEAN MILLER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MILLER, | |
| Plaintiff, | No. CIV S-00-1733 EJG JFM |
| vs. | |
| BUTTE COUNTY, et al., | STIPULATION AND PROTECTIVE |
| Defendants. | ORDER |

IT IS HEREBY STIPULATED by and between the parties hereto, by and through their respective counsel of record, and hereby ORDERED by the Court, as follows:

1.  This Stipulation for Protective Order shall apply solely to information, documents and things obtained by the parties, or their counsel, relating to the lawsuit entitled <u>Miller v. Butte County, et al.</u> which case is pending as Case No. S-00-1733 EJG/JFM in the United States District Court for the Eastern District of California. (hereinafter "CONFIDENTIAL MATERIAL").

2.  The CONFIDENTIAL MATERIAL to be provided or obtained is as follows:

    a.  CONFIDENTIAL MATERIAL shall be defined as any and all medical records, charts, reports, opinions, or other documents that were written, drafted, prepared, recorded, stored, or maintained by any hospital, clinic, doctor, nurse, psychologist, chiropractor, or other medical or healthcare professional, that relates to or refers to Jean Miller.

1    3.    All CONFIDENTIAL MATERIAL shall be treated as confidential during the
2 pendency of, and subsequent to the termination this action. Such CONFIDENTIAL MATERIAL
3 and all copies thereof shall be used solely for the purpose of this litigation and not for any other
4 purpose.

5    4.    Control and distribution of all CONFIDENTIAL MATERIAL covered by this
6 Stipulation shall be the responsibility of the attorneys of record. All documents deemed by the
7 parties to be confidential as listed above shall be marked as "CONFIDENTIAL" on the bottom
8 right hand corner of the document.  However, failure to mark any document "CONFIDENTIAL"
9 shall not change the fact that it is considered confidential under this Protective Order. All persons
10 authorized to receive CONFIDENTIAL MATERIAL under this Stipulation (other than the Court
11 and court reporters), shall be shown a copy of, and, if not a lawyer acting as counsel for a party in
12 this action, an employee of such counsel, shall, in a written, and signed Certificate in the form
13 attached hereto as Appendix A, state that he or she has read this Stipulation for Protective Order
14 and agrees to be bound by its terms.  Counsel of record for that party shall then retain the
15 Certificate until the conclusion of the litigation, and shall make such Certificates available to
16 other counsel upon written request after the conclusion of the litigation.

17    5.    Except by prior court order or with the prior written consent of the party
18 producing CONFIDENTIAL MATERIAL pursuant to this Stipulation, no CONFIDENTIAL
19 MATERIAL, and no information contained or revealed therein, shall be disclosed, directly or
20 indirectly, to any person other than:

21    a)    Counsel employed by the respective parties to this litigation;
22    b)    Regular employees of such counsel, including secretaries and legal assistants;
23    c)    Any and all witnesses who testify at deposition or trial in this litigation as
24        indicated above;
25    d)    Independent, non-party consultants or experts retained or consulted by counsel in
26        this litigation;

e)  Court reporters who record deposition or other testimony in this action; and

f)  The Court.

6.  This Stipulation shall survive the final termination, including any appeal, of this action, and the Court will retain jurisdiction to enforce it. Within thirty (30) days after final termination, including any appeal of this case, counsel for each party shall return, or certify destruction of all CONFIDENTIAL MATERIAL or deposition transcripts subject to this Stipulation, to counsel for the party or nonparty who initially produced the documents or other materials, except that counsel for the parties may retain documents or other materials to the extent that they include or reflect the counsel's work product or that are necessary to prepare probate accountings and/or income tax returns or which may be required for any audit of any tax return.

Dated:  June 11, 2007.        By:      /s/_____
                                      KENNETH FRUCHT
                                      Attorney for Plaintiff Jean Miller

Dated: May 22, 2007.          By:     /s/_____
                                      MICHAEL DEEMS
                                      Attorney for Defendants

Dated: May 24, 2007.          By:      /s/_____
                                      BRUCE ALPERT
                                      Attorney for Defendants

Dated: July 2, 2007.

UNITED STATES MAGISTRATE JUDGE

/miller1733.po

## APPENDIX A

ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER

AND AGREEMENT TO BE BOUND

I acknowledge that I have been given a copy of, and have read and understand the Stipulation for Entry of Protective Order entered in the above-captioned lawsuit.

I further acknowledge and agree to comply with the terms of the Protective Order and be bound by it. I acknowledge, understand and agree that by receiving confidential information hereunder I am subject to penalty for contempt of court for any violation of the terms of the Protective Order.

DATED:

_____