IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

JEAN M. MILLER,

        Plaintiff,

                              CIV. NO. S-00-1733 EJG/JFM

    v.

                              ORDER GRANTING IN PART AND

COUNTY OF BUTTE, et al.,     DENYING IN PART DEFENDANTS'

                              MOTION FOR

        Defendants.          SUMMARY JUDGMENT

_____/

    This matter is before the court for hearing on defendants' motion for summary judgment. After reviewing the record, documents filed in connection with the motion, and the applicable law, the court has determined that oral argument will not be of material assistance. Accordingly, the hearing set for September 28, 2007 is VACATED, and the matter is submitted. See Local Rule 78-230(h). For the reasons that follow, the motion is GRANTED in part and DENIED in part.

                              I. BACKGROUND

    This is a § 1983 civil rights action with supplemental state law claims in which plaintiff alleges that members of the Butte County Sheriff's Office used excessive force during an unlawful arrest, in violation of her fourth amendment rights. The incident which forms the basis for the civil rights action

1

occurred August 14, 1999 while defendant law enforcement officers were in the process of towing plaintiff's unregistered vehicle from the street in front of her house.  According to plaintiff, she verbally protested their actions and was thrown to the ground, kicked and assaulted multiple times with a stun gun. Defendants' version of the facts differs substantially and asserts that the force they used was a direct response to plaintiff's combativeness and physical assault on one of the officers.

As a result of the altercation, both parties initiated litigation.  The Butte County District Attorney filed a misdemeanor complaint against plaintiff in September of 1999 charging her with one count of resisting, delaying and obstructing a police officer, in violation of California Penal Code § 148(a), and two counts of battery against a peace officer, in violation of California Penal Code § 243(b).  Plaintiff filed the instant civil rights action August 11, 2000.[1]  For unexplained reasons, the Butte County criminal action remained pending and inactive for several years.  Meanwhile, plaintiff refused to participate in discovery in the civil action,

---

[1] The complaint contains sevens claims for relief: 1) § 1983 claim for unlawful arrest and excessive force against PIAZZA, MARSHALL, BURNETT, DUCH and SMITH;  2) § 1983 claim for failure to train and supervise against BUTTE COUNTY; 3) false imprisonment against PIAZZA, MARSHALL, BURNETT, DUCH, SMITH, GREY and MACKENZIE; 4) false arrest against ALL DEFENDANTS; 5) intentional infliction of emotional distress against PIAZZA, MARSHALL, BURNETT, DUCH and SMITH; 6) tort in essence against ALL DEFENDANTS; and 7) assault and battery against PIAZZA, MARSHALL, BURNETT, DUCH and SMITH.

resulting in a stay of this civil case until the criminal matter was resolved.

In May of 2003, almost four years after the incident, plaintiff was convicted in state court of all three misdemeanor offenses following a jury trial. Thereafter, pursuant to stipulation of the parties, the stay in the civil case was lifted. Defendants filed a motion for summary judgment which was granted based on the court's finding that plaintiff's criminal convictions precluded her civil claims based on the doctrine espoused by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Order Granting Defendants' Motion for Summary Judgment, filed March 1, 2004. Plaintiff appealed her criminal convictions to the Butte County Superior Court and the summary dismissal of her civil action to the Ninth Circuit.

The criminal convictions were reversed on December 9, 2004 for reasons unrelated to the merits. The Appellate Division of the Butte County Superior Court found that a faulty assistive listening device violated plaintiff's constitutional right to counsel during the trial. Based on the reversal of the criminal action, the Ninth Circuit vacated and remanded this court's grant of summary judgment in the civil case. See Judgment, filed December 12, 2005. Eighteen months later, discovery in the civil action was completed and the instant motion for summary judgment was filed. Meanwhile, during the pendency of the civil appeal in

3

the Ninth Circuit, defendant entered a negotiated plea of nolo contendre in Butte County Superior Court to one count of delaying an officer in the performance of his duties, in violation of California Penal Code § 148(a)(1).

## II. DISCUSSION

A. <u>Summary judgment standards</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c ). If the moving party meets its initial responsibility, the burden shifts to the non-moving party to establish the existence of a genuine issue of a material fact. <u>Matsushita Electric Industrial Company, Limited v. Zenith Radio Corporation</u>, 475 U.S. 574, 586 (1986). A dispute is **genuine** if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. <u>Wool v. Tandem Computers, Inc.</u> 818 F.2d 1433, 1436 (9th Cir. 1987). A fact is **material** if it might affect the outcome of the lawsuit. <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 248 (1986).

While the non-moving party need not conclusively establish a material issue of fact in its favor, "the claimed factual dispute [must] be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W.</u>

4

Electrical Services, Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586-87.

The court's role at this stage is not to weigh the evidence, only to determine if a genuine issue exists for trial.  In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in her favor.  Id. at 587.  However, where "opposing parties tell two different stories one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 127 S.Ct. 1769, 1776 (2007).

B. Statement of Facts

The facts are taken from plaintiff's deposition and declaration, since the court is mindful, as noted above, that on summary judgment, all facts must be viewed in the light most favorable to the non-moving party and all inferences drawn in her favor.

On August 9, 1999, plaintiff had a conversation with defendant Piazza in which he told her, among other things, that her Nissan automobile, parked in front of her house could be towed.  On August 14, 1999, plaintiff arrived home to find her

5

Nissan automobile in the process of being towed by defendants Piazza and Marshall.  Defendant Duch arrived on the scene shortly thereafter. Plaintiff challenged the officers' authority to tow her car.  When it became apparent to plaintiff that, despite her protestations, her car would be towed, she requested and received permission from the officers to retrieve personal items from inside the vehicle.  After an undetermined period of time, defendant Duch approached plaintiff and instructed her to get out of the vehicle or she would be arrested.  While plaintiff was exiting the vehicle she was told to move away from the car.

At this point, the facts as related by the parties, dramatically differ.  According to plaintiff, as she moved away from the car with personal items in her arms, she was told by defendant Piazza that she was "charging" him and could be arrested for that action.  Plaintiff states she remembers seeing Piazza's fists coming toward her, but does not remember what happened after that point.  Deposition of Jean Miller, Volume 2, 39:8, 11-12, 22.  Her next memory is of lying on her back, seeing defendant Marshall standing behind her, and feeling him kicking her head.  After that, she recalls waving her arms and legs, and being flipped over and handcuffed, then stunned with a stun gun multiple times.  She alleges her injuries were debilitating and permanent.  In support of her allegations, plaintiff relies on the declaration of D.P. Van Blaricom, a police practices consultant and expert witness in police-related litigation, and

6

county records suggesting that the stun gun used on plaintiff by defendant Duch was not approved by the Butte County Sheriff's Office, a matter for which Duch was reprimanded. See Deposition of Andrew Duch.

### C. Defendants' arguments in support of summary judgment

#### 1. Probable cause to arrest

Defendants contend they had probable cause to arrest plaintiff. She concedes this issue and withdraws her § 1983 causes of action to the extent they allege false arrest. Therefore, defendants' motion for summary judgment on the issue of false arrest contained in the 1st and 2nd causes of action is GRANTED. Although defendants have not specifically addressed the state law claims in this motion, the court notes that plaintiff's concession effectively ends her 3rd and 4th causes of action for false imprisonment and false arrest. Accordingly, the 3rd and 4th causes of action are DISMISSED.

#### 2. Liability of defendants Burnett and Smith

Defendants contend these defendants had no connection with the incident of excessive force that forms the basis for plaintiff's complaint. Plaintiff concedes that Burnett has no liability. Accordingly, defendants' motion for summary judgment in favor of Burnett and against plaintiff is GRANTED. As to defendant Smith, plaintiff argues that liability is premised on his failure to conduct an adequate investigation of her after-the-fact citizen's complaint of excessive force. However, even

7

assuming the truth of these allegations, plaintiff's citizen's complaint **followed** her arrest; therefore, an investigation of that complaint could not form any part of the basis of a § 1983 action for excessive force that occurred **during** the arrest. Based on the foregoing, defendants' motion for summary judgment in favor of defendant Smith and against plaintiff is GRANTED.

### 3. Heck v. Humphrey

Defendants argue that plaintiff's recent conviction bars her civil action for damages under Heck v. Humphrey, 512 U.S. 477 (1994), the same basis on which the court granted summary judgment in 2004. Under Heck, "to recover damages for unconstitutional conviction or . . . harm caused by actions whose unlawfulness would render a conviction . . . invalid, a § 1983 plaintiff must prove that the conviction . . . has been reversed . . . A claim for damages bearing that relationship to a conviction . . . that has not been so invalidated is *not* cognizable under § 1983." Heck v. Humphrey, 512 U.S. at 486-87 (emphasis added). Stated another way, when damages are sought in a § 1983 action, the court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction . . . ; if it would, the complaint must be dismissed. . . ." Id.

While Heck applied to defendants' initial summary judgment motion; factual and procedural circumstances, as well as the law, have changed requiring a different result. Plaintiff's initial

8

jury trial in 2003 resulted in convictions of battery on a law enforcement officer, as well as resisting, delaying and obstructing an officer in the performance of his duties.  Such a result nullifies any charge of excessive force since, by definition, an arrest is *not* lawful if made with excessive force. See e.g., Susag v. City of Lake Forest, 115 Cal. Rptr.2d 259 (Cal. Ct. App. 2002) (excessive force is not within performance of an officer's duties); People v. White, 161 Cal. Rptr. 541, 544 (Cal. Ct. App. 1980) (arrest made with excessive force is unlawful).  Accordingly, plaintiff's § 1983 fourth amendment claims were barred, and summary judgment in favor of defendants was appropriate under the law of the Ninth Circuit in 2004. "California law leaves us no choice but to regard a § 148 conviction as incompatible with an allegation that the arrest was unlawful."  Smith v. City of Hemet, 356 F.3d 1138, 1142 (9th Cir. 2004), vacated on rehearing en banc, 394 F.3d 689 (9th Cir. 2005).

    Following reversal of plaintiff's conviction on appeal, and in lieu of a retrial, the parties negotiated a plea agreement in which plaintiff pled nolo contendre to one count of "delaying an officer in the performance of his duties", in exchange for striking the "resisting" and "obstructing" language of the § 148(a) count, and a dismissal of the two battery counts.  In addition, and of particular relevance, is the factual basis for the plea.  The delay to which plaintiff pled, "is the delay

9

getting out of the car that was being towed." Transcript of Plea, 2:11-12, August 24, 2005, attached as Exhibit G to Declaration of Michael Deems.  When questioned by the judge as to whether she understood her plea, plaintiff asked: "Well are we talking about my not getting out of the vehicle?"  This understanding was confirmed by her attorney and by the court. Exhibit G, 3:18-25.

This factual basis precludes the application of Heck v. Humphrey.  In 2005, the Ninth Circuit, sitting *en banc*, reversed the three-judge panel in Smith v. City of Hemet on which this court had relied in granting defendants' motion for summary judgment.  The court found a distinction between § 148 conduct which occurred *prior* to the process of making an arrest, and that which occurred *during* and *subsequent* to the arrest.  In Smith the plaintiff engaged in conduct violative of § 148 both before and during his arrest.  Even though he pled guilty to that section he argued that his claim for excessive force was not barred because it was based on acts occurring before the arrest.  The court reversed the grant of summary judgment, finding an absence of information in the record as to which of the plaintiff's actions constituted the basis for his plea.  "A conviction based on conduct that occurred before the officers commence the process of arresting the defendant is not necessarily rendered invalid by the officers' subsequent use of excessive force in making the arrest." Smith v. City of Hemet, 394 F.3d 689, 696 (9th Cir.

10

2005) (emphasis in original).  Similarly, in <u>Sanford v. Motts</u>, 258 F.3d 1117 (9th Cir. 2001), another case in which a civil rights plaintiff entered a nolo plea to a violation of § 148, the court held that if an officer's use of force occurs after the time at which the plaintiff interfered with the performance of his duties, <u>Heck</u> is no bar to a § 1983 claim for excessive force. <u>Sanford v. Motts</u>, 258 F.3d at 1119-20.

    In the instant case, the factual basis is part of the record and specifically states that the § 148 conduct which forms the basis for the plea was plaintiff's act of failing to get out of the car in a timely manner.  Exhibit G, 2:11-12. Since the negotiated plea dismissed the two counts of battery on the officers, as well as struck the "resisting" and "obstructing" language, the only claim of excessive force which could be barred by plaintiff's plea is that which occurred when she was still in the car.  Her complaint, however, alleges excessive force occurred after her exit from the car. "Defendants Piazza and Marshall . . . physically abused [plaintiff] by knocking her to the ground.  One Deputy had his knee and leg on plaintiff's back while the other deputy handcuffed her.  After plaintiff was handcuffed, defendants Piazza, Marshall and Duch applied a stun gun to plaintiff approximately seven times.  It is believed that the voltage was in excess of 400 volts of electricity.  This force was excessive and without justification." Complaint, 4:10-16.  Viewing the facts in the light most favorable to plaintiff,

11

as the court must do on summary judgment, disputed issues of material fact preclude summary judgment on the issue of whether plaintiff's delay in leaving the car was part of the arrest process. Accordingly, summary judgment on the theory of a Heck v. Humphrey bar is DENIED.[2]

        4.   Qualified Immunity

Defendants move for summary judgment on the basis of qualified immunity. Although the factual inquiries related to qualified immunity and excessive force are necessarily bound together to some extent, the Supreme Court requires the issue of immunity to be determined early and prior to a merits analysis of the fourth amendment excessive force claim. See Saucier v. Katz, 121 S.Ct. 2151, 2155-56 (2001). Because the immunity is one from **suit** rather than a defense to liability, it should be resolved as soon as possible in the litigation and is effectively lost if a defendant is erroneously forced to go to trial. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The inquiry on the merits of the claim should not meld together with the determination of whether the officers are entitled to qualified immunity. In Saucier the Supreme Court made clear that before proceeding to a

---

[2] The Truong case on which defendants rely is inapposite and, furthermore, not controlling. There the California Fourth District Court of Appeal held that Heck barred an arrestee's claim that excessive force was used against her during the booking process. The court found that the plaintiff's guilty plea to Penal Code § 148 in which she admitted that she "wilfully and unlawfully resisted and obstructed a peace officer's lawful order" effectively barred a claim for excessive force. Truong v. Orange County Sheriff's Department, 29 Cal. Rptr. 3d 450, 452 (Cal. Ct. App. 2005). As noted above, no such admission is contained in plaintiff's plea.

merits analysis, the lower courts must first answer this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 121 S.Ct. at 2156.  If no constitutional right was violated, the inquiry ends and there is no need to proceed to a merits analysis. However, "if a violation could be made out on a favorable view of the parties' submissions", the next inquiry is whether the right was clearly established. Id.

In the instant case the parties offer polar opposite versions of the facts.  Plaintiff says she was pushed, kicked and assaulted multiple times with a non-approved stun gun.  On the other hand, the officers present at the scene vehemently deny plaintiff's version of the facts, accusing her of being the aggressor.  As is evident, the parties have very different views of what transpired; however, if plaintiff's evidence is believed, a jury could find use of excessive force by defendants.

Even if there is constitutionally impermissible conduct, defendants ''may nevertheless be shielded from liability . . . if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  In other words, "[t]he contours of the [constitutional] right must be sufficiently clear that a reasonable [officer] would understand that what he is

13

doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).  In determining if a defendant would have believed his conduct lawful, the court, viewing the evidence in the light most favorable to plaintiff, must consider whether the conduct was objectively reasonable.  Behrens v. Pelletier, 516 U.S. 299, 309 (1996).

In support of their entitlement to qualified immunity, defendants offer both evidence and legal authority.  Pointing to the testimony of Wes Brown, a tow-truck driver present at the scene who disputes plaintiff's version of the facts, defendants argue that plaintiff's story is "blatantly contradicted by the record" and that no reasonable jury could find in her favor, citing the Supreme Court's most recent pronouncement on the issues of excessive force, qualified immunity and summary judgment.  Scott v. Harris, 127 S.Ct. 1769, 1776 (2007).

In Scott, the plaintiff was rendered a paraplegic as a result of injuries he suffered following a high-speed chase in which his car was rammed by a police officer.  Scott v. Harris, 127 S.Ct. 1769, 1773 (2007).  He sued, arguing that the officer's actions constituted an excessive use of force in violation of his 4th amendment rights.  Taking the plaintiff's view of the facts as true, the district court and 11th Circuit Court of Appeals denied the officer's assertion of qualified immunity, finding that the issue of excessive force was a question for the jury. The Supreme Court reversed.  Following the step-by-step approach

14

of Saucier, the court turned to the threshold inquiry: whether the officer's action was a constitutional violation. The initial step in making that decision, the court stated, was to determine the relevant facts from two substantially differing versions. While the court noted that this usually means adopting the plaintiff's version, the existence of a videotape of the high speed chase, presented an unusual situation. Scott, 127 S.Ct. at 1775.

The videotape, to which no objection was made, portrayed quite a different story than that told by the plaintiff and adopted by the lower courts. As the Supreme Court noted, "[f]ar from being the cautious and controlled driver the lower court depicts, what we see on the video more closely resembles a Hollywood-style car chase of the most frightening sort, placing police officers and innocent bystanders alike at great risk of serious injury." Id.

Drawing upon the summary judgment precedent of Anderson and Matsushita, the court began its analysis by stating that only *genuine* factual disputes preclude summary judgment, and that when the record, "taken as a whole", cannot lead a rational trier of fact to find for the nonmoving party, there is no *genuine* issue. Continuing, the court said that when one story "is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of . . . summary judgment." Id. at 1776. In

15

reversing the order of the lower courts, and directing the granting of summary judgment for the officer on qualified immunity grounds, the Supreme Court concluded, "[plaintiff's] version of events is so utterly discredited by the record that no reasonable jury could have believed him." Id.

In the nine months since Scott was decided, courts have wrestled with what constitutes uncontested, incontrovertible evidence, like a videotape. See e.g., Blaylock v. City of Pennsylvania, 504 F.3d 405, 414 (3d Cir. 2007) (similar photographs do not rise to the level of uncontradicted evidence); Steele v. McMahon, 2007 WL 2758026 (E.D. Cal, filed Sept. 21, 2007) (sworn statement of defendant, when contradicted by sworn statement of plaintiff, does not constitute uncontroverted evidence).

The facts in the record before this court are neither indisputable nor uncontroverted, as they were in Scott. Plaintiff's version of the facts, while appearing to strain credulity, especially in light of the eyewitness testimony of percipient witness Wes Brown, still raises genuine disputes about the nature and duration of the force applied. That is enough to defeat a claim of qualified immunity on the issue of excessive force. "[I]f an excessive force claim turns on which of two conflicting stories best captures what happened on the street, Graham will not permit summary judgment in favor of the defendant official. And that is as it should be. When a plaintiff

16

proffers evidence that the official subdued her with a chokehold even though she complied at all times with his orders, while the official proffers evidence that he used only stern words, a trial must be had." Saucier, 121 S.Ct. at 2164 (Ginsburg, J., concurring).

5. Liability of MacKenzie, Grey & County of Butte

Defendants argue that plaintiff has failed to produce evidence of a policy, practice or custom of the County of Butte sufficient to find municipal liability against these defendants, pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). In response, plaintiff cites evidence that defendant Duch used an unapproved stun gun, and was not in compliance with county certification policies at the time of the events which form the basis for this lawsuit. Defendants Grey and MacKenzie occupied the office of County Sheriff during this time and can be held responsible for inadequate training and supervision of subordinates if there is a causal connection between their wrongful conduct and the constitutional violation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). It is for a jury to determine whether a policy regarding stun guns was in place and applicable, and whether defendants MacKenzie and Grey are liable for failure to train and supervise.

III. CONCLUSION

Defendants' motion for summary judgment is granted in part and denied in part as follows:

17

    A.   Defendants' motion for summary judgment on the claims of false arrest contained in the 1st and 2nd causes of action is GRANTED.

    B.   Pursuant to plaintiff's concession that the defendants had probable cause for the arrest, the 3rd and 4th causes of action are DISMISSED.

    C.   Defendants BURNETT and SMITH's motion for summary judgment in all claims in which they are named is GRANTED.

    D.   Defendants MARSHALL, PIAZZA, DUCH, MACKENZIE, GREY and COUNTY OF BUTTE'S motion for summary judgment on the excessive force claim contained in the 1st and 2nd causes of action is DENIED.

    E.   A status conference to select new dates for final pretrial conference and trial will be held at 10:00 a.m., March 14, 2008.  The parties shall file status reports no later than March 7, 2008, addressing future proceedings in the case.

    IT IS SO ORDERED.

Dated: February 22, 2008

                                      /s/ Edward J. Garcia  
                                      EDWARD J. GARCIA, JUDGE  
                                      UNITED STATES DISTRICT COURT