1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                         EASTERN DISTRICT OF CALIFORNIA

8

9    JEAN MILLER,

10             Plaintiff,

11        v.                          CIV. NO. S-00-1733 EJG/JFM

12   COUNTY OF BUTTE, MICK GREY,      STATUS (PRETRIAL SCHEDULING)
     SCOTT MACKENZIE, JASON PIAZZA,   ORDER
13   BRYAN K. MARSHALL and ANDY
     DUCH,
14
               Defendants.
15   _____/

16

17        This matter was before the court on March 14, 2008 for a

18   status (pretrial scheduling) conference.  After reviewing the

19   parties' status reports the court determined that dates could be

20   set without the necessity for a hearing.  Accordingly, the status

21   conference was VACATED.  The court issues the following order.

                              NATURE OF CASE

22        This is a civil rights action in which plaintiff alleges she

23   was subject to excessive force during the course of an arrest.

24

25

26                                    1

## SERVICE OF PROCESS

All defendants have been served.  No further service is permitted, except with leave of court, good cause having been shown.

## JURISDICTION/VENUE

The court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## MOTION HEARING SCHEDULES

The deadline for the filing and hearing of substantive motions has past.  No further motions, except for in limine motions at the time of trial, will be entertained.

## DISCOVERY

The deadline for discovery has past.  Any further discovery is pursuant to stipulation of the parties only and is not enforceable by court order.

## WITNESS DISCLOSURE

The deadline for witness disclosure has past.  Witnesses not appearing on the previously tendered witness lists will not be permitted to testify unless the party offering the witness demonstrates: (a) the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and ( c) the witness was promptly proffered for deposition.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set for November 17, 2008 at 2:00 p.m. ***COUNSEL ARE CAUTIONED THAT ONLY COUNSEL APPEARING FOR THE PRETRIAL CONFERENCE WILL TRY THE MATTER***.

Counsel are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties shall file with the court no later than seven (7) days prior to the pretrial conference a ***joint*** pretrial statement. In the unlikely event the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues claimed by any of the parties and indicate the disputes concerning such issues.  The provisions of Local Rules 16-281 and 16-282 shall apply with respect to matters to be included in the ***joint*** pretrial statement and discussed at the pretrial conference. ***A FAILURE TO COMPLY WITH THESE RULES, AS MODIFIED BY THIS ORDER, MAY BE GROUNDS FOR SANCTIONS***.

In a <u>separate attachment</u> to the joint pretrial statement, counsel shall list all witnesses that they intend to proffer at trial, for whatever purposes.  Likewise, in another <u>separate attachment</u> to the joint pretrial statement, counsel shall list all exhibits that they intend to proffer at trial, for whatever purpose.  These attachments will be used as addenda to the Final Pretrial Order.  The Pretrial Order will contain a stringent

3

standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do <u>not</u> intend to call or use will be viewed as an abuse of the court's processes. In other words, do not pad the witness and exhibit attachments.

Counsel are also reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and ( c) the avoidance of proof and cumulative evidence.  Counsel must prepare the joint pretrial statement and participate in good faith in the pretrial conference with these aims in mind. ***FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS*** which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**Counsel are directed to bring with them to the pretrial conference a CD compatible with Word Perfect version 11, 12 or 13 which contains the Joint Pretrial Statement.  This will assist the court in preparation of the Final Pretrial Order.**

///

///

///

4

1 <u>SETTLEMENT CONFERENCE</u>

2 No settlement conference is currently scheduled.  The

3 parties shall address in their joint pretrial statement whether

4 they wish to have a judge-assisted settlement conference and

5 whether they waive the disqualification of the trial judge to sit

6 in settlement.  A date for the settlement conference will be

7 selected at the time of the final pretrial conference.

8 <u>TRIAL DATE</u>

9 Jury trial is set for January 12, 2009, at 9:00 a.m.  The

10 parties estimate a trial length between seven (7)  and fourteen

11 (14) days.

12 <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

13 This status (pretrial scheduling) order is final unless

14 objection is made within seven (7) days of the filing date of

15 this order.

16 IT IS SO ORDERED.

17 Dated: March 19, 2008

18 /s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
19 UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26                                        5